IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR283** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **LELAND L. HENDERSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 33) issued by Magistrate Judge F.A. Gossett recommending denial of the motion to suppress filed by the Defendant, Leland L. Henderson (Filing No. 22). Henderson filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 36, 37) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Henderson is charged in a two-count Indictment with conspiracy to manufacture, distribute, and possess with intent at least 50 grams of actual methamphetamine (Count I); and possession of pseudoephedrine (Count II). He seeks an order suppressing evidence obtained as a result of his March 13, 2006, traffic stop, search of his vehicle, and arrest.

Following an evidentiary hearing, Judge Gossett issued a Report and Recommendation in which he concluded that the officer had a reasonable suspicion for the traffic stop and the motion to suppress should be denied. (Filing No. 35, at 66-67; Filing No. 33.)

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

**STATEMENT OF FACTS**

A detailed account of the events surrounding the events relevant to the traffic stop, vehicle search, and arrest is found in the hearing transcript. (Filing No. 35.) The Court has considered the transcript and carefully viewed the evidence, including the videotape. (Filing Nos. 31, 35.) Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's factual findings in their entirety.

**FACTUAL BACKGROUND**

Briefly, Nebraska State Patrol Trooper Michael Heikkinen spotted the Defendant driving his truck and noticed that no license plate was displayed on the rear bumper. (Tr. 10, 13.) He decided to stop the truck and activated his lights. (Tr. 13.) As Trooper Heikkinen caught up to the truck and pulled up behind it he noticed that a license plate was displayed in the rear window of the truck. (Tr. 13.) Trooper Heikkinen believed initially that the Defendant violated Nebraska Statute § 60-3,100 (2006) because his license plate was not displayed "on the rear" of the truck as required by § 60-3,100. Once he saw that a license plate was displayed in the window of the truck he believed that this display of the plate violated Nebraska Revised Statute § 60-399 (2006) requiring that all "letters,

2

numbers, printing, writing, and other identification marks upon such plates . . . be kept clear and distinct and free from grease, dust, or other blurring matter, so that they shall be plainly visible at all times during daylight and under artificial light in the nighttime." § 60-399(2).

The stop was recorded on videotape, and as pictured in the videotape the markings on the license plate were not visible. (Ex. 1.) Still photographs show that at least the numbers on the plate were visible under the circumstances surrounding the taking of a photograph at a close distance. (Exs. 101, 102.)

After Trooper Heikkinen ran a check on the Defendant's driver's license, he learned that the Defendant's license was suspended. The Defendant was arrested, and incriminating items were found in the truck during a search incident to arrest.

## ANALYSIS

The Defendant objects to portions of Judge Gossett's Report and Recommendation, arguing that the record indicates that the license plate mounted inside the rear window of the truck was clearly visible to Trooper Heikkinen; and Trooper Heikkinen did not have reasonable suspicion for the traffic stop. The brief submitted in support of the objections is identical to the brief that accompanied the motion to suppress.

Trooper H testified that he did not at first see the license plate displayed, because the plate was not displayed on the rear bumper. That evidence is unrebutted. The applicable statute requires that a license plate be displayed "on the rear" of a truck. § 60-3,100. The statute has not been interpreted by state or federal courts in any reported decision. Therefore, Trooper Heikkinen's interpretation of the statute is objectively reasonable. Even assuming for the sake of argument that Trooper Heikkinen made a mistake of law, such mistake would be objectively reasonable and would not violate the

Fourth Amendment. *United States v. Rodriguez-Lopez,* 444 F.3d 1020, 1021 (8th Cir. 2006).

Once Trooper Heikkinen activated his lights and approached the truck more closely, he realized that a license plate was displayed inside the rear window of the truck. He testified that one would have to be "right up on the bumper" to read the plate. (Tr. 17-18.) Particularly the still photographs support Trooper Heikkinen's testimony, as in the photograph taken at close range the numbers on the plate can be read. (Ex. 102.) However, the photograph taken at a distance indicates the plate could not be read at that distance. (Ex. 101.) Trooper Heikkinen believed that the display of the plate violated § 60-399 because the plate was not legible at any reasonable distance and that under other circumstances the plate would also not be legible. Again, this statute has not been interpreted in any reported decision in any Nebraska state or federal court. Therefore, Trooper Heikkinen's application of the statute was objectively reasonable. Even assuming that he made a mistake of law, such mistake would be reasonable and not in violation of the Fourth Amendment. *Rodriguez-Lopez,* 444 F.3d at 1021.

## CONCLUSION

For the reasons discussed, the Defendant's motion to suppress and objections to the Report and Recommendation are denied and the Report and Recommendation is affirmed.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 33) is adopted in its entirety;

4

2. The Statement of Objections to the Report and Recommendation (Filing No. 36) is denied; and

3. The Defendant's Motion to Suppress (Filing No. 22) is denied.

DATED this 28th day of February, 2007.

                                      BY THE COURT:

                                      s/Laurie Smith Camp
                                      United States District Judge